```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARIAN HAMPRECHT,

                Plaintiff,

vs.                                   Case No.   2:12-cv-125-FtM-29DNF

STEPHANIE HAMPRECHT,

                Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Respondent's Motion to Dismiss Petitioner's Verified Petition for Return of Child to Petitioner with Incorporated Memorandum of Law (Doc. #17) filed on March 26, 2012. In response, petitioner filed his Memorandum of Law in Opposition to Respondent's Motion to Dismiss (Doc. #29) on April 12, 2012. For the reasons set forth below, respondent's motion is denied.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not,

the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

**II.**

This case arises from a Petition (Doc. #1) filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670 1343 U.N.T.S. 97, reprinted in 51 Fed. Reg. 10,493 (Mar. 26, 1986) and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-10 (2000). In the Petition, Marian Hamprecht alleges that his minor child is being unlawfully retained in the Middle District of Florida by his wife and the child's mother, Stephanie Hamprecht, who has restricted their son's ability to return to his habitual residence of Germany.

Respondent seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) claiming that the Petition fails to establish an essential element of petitioner's claim for return, respondent asserts that

because petitioner admits in a sworn pleading in the related state court case that the "Child's habitual residence is Florida," his Petition must be dismissed.  (Doc. #17, pp. 1-2.)  The Court disagrees.

The Hague Convention, which ICARA implements, "mandates the return of children to their circumstances prior to the abduction if one parent's removal or retention violated the custody rights of the other parent and was therefore 'wrongful.'" Mendez Lynch v. Mendez Lynch, 220 F. Supp. 2d 1347, 1357 (M.D. Fla. 2002) (citing Hague Convention, Art. 12; 42 U.S.C. § 11601(a)(4)).  A petitioner establishes the elements of wrongful removal or retention by showing the following by a preponderance of the evidence:

> (1) the habitual residence of the child immediately before the date of the allegedly wrongful removal or retention was in the country to which return is sought; (2) the removal or retention breached the petitioner's custody rights under the law of the child's habitual residence; (3) the petitioner was actually exercising or would have been exercising custody rights of the child at the time of his or her removal or retention; and (4) the child has not attained the age of 16 years.

Id. (citing Lops v. Lops, 140 F.3d 927, 936 (11th Cir. 1998); Pesin v. Rodriguez, 77 F. Supp. 2d 1277, 1284 (S.D. Fla. 1999), aff'd, 244 F.3d 1250, 1253 (11th Cir. 2001)).

The only element at issue in the motion to dismiss is the habitual residence of the child.  According to the Petition, petitioner and respondent were married in Germany, on December 16, 1994.  (Doc. #1, ¶ 4.)  They are the parents of F.H., born in

October 2005 in Germany. (Id., ¶ 24.) The parties and F.H. resided in Germany until February 2009 when they moved from Germany to Fort Myers, Florida in connection with petitioner's job responsibilities. (Id., ¶ 9.) The move was temporary and the Hamprechts intended to return to Germany. (Id., ¶ 10.) The Hamprechts were issued temporary work visas which initially remained valid through January 31, 2011 but were later extended to January 20, 2013. (Id., ¶ 11.) While still in Florida, on October 20, 2011, petitioner filed a petition for divorce in Lee County, Florida. (Id., ¶ 12.) In November 2011, petitioner relinquished his temporary work visa and returned to Germany with the two oldest children. (Id., ¶ 11, 14.) F.H. remained in Fort Myers, Florida in respondent's custody and respondent has refused to return F.H. to Germany. (Id., ¶ 15.) Petitioner filed his petition for return of child on March 5, 2012. (Id.)

In her motion to dismiss, respondent's lone argument is that petitioner cannot establish that F.H.'s habitual residence is Germany because petitioner admitted in a sworn pleading in a related state court case that the child's habitual residence is Florida. (Doc. #17, pp. 1-2.) Specifically, respondent argues that in petitioner's petition for dissolution of marriage, he expressly averred that "[b]oth parties have been residents of the State of Florida for more than six months next before filing this petition" and that he alleged that the parties' children had

resided in Florida since February 2009. (Id., pp. 2-3.) Respondent also requests that the Court take judicial notice of the petition for dissolution of marriage. (Id., pp. 4-6.)

The Court takes judicial notice of the records of the Lee County Clerk of Court. However, the statements made by petitioner in his petition for dissolution of marriage are not dispositive and judicial estoppel does not apply.

While neither the Hague Convention nor ICARA define habitual residency, determination of a habitual residence focuses on the existence, or lack thereof, of a settled intention to abandon the former residence in favor of a new residence, coupled with an actual change in geography and the passage of a sufficient length of time for the child to have become acclimatized. Ruiz v. Tenorio, 392 F.3d 1247, 1253 (11th Cir. 2004), adopting the approach set forth in Mozes v. Mozes, 239 F.3d 1067 (9th Cir. 2001). "The inquiry into a child's habitual residence is a fact-intensive determination that cannot be reduced to a predetermined formula and necessarily varies with the circumstances of each case." Boehm v. Boehm, No. 8:10-CV-1986-T-27TGW, 2011 WL 863066, at *3 (M.D. Fla. March 10, 2011) (quoting Karkkainen v. Kovalchuk, 445 F.3d 280, 291 (3d Cir. 2006)). While petitioner's statements may be considered in determining habitual residence, the fact-intensive nature of the inquiry precludes the Court from resolving the issue on a motion to dismiss.

Respondent's judicial estoppel argument is equally unavailing. Three factors typically inform the decision of whether to apply judicial estoppel: "(1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead and; (3) whether the party advancing the inconsistent position would derive an unfair advantage." Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) (citing New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)). Here, none of the relevant factors suggest that judicial estoppel should be invoked against petitioner. Petitioner's position that the child resided in Florida since February 2009 is not necessarily inconsistent with his position that Germany is the child's habitual residence, because the concept of residency under Florida state law differs from the concept of "habitual residence". Respondent has also offered no proof that the state court ever accepted the earlier position and has similarly failed to show that petitioner would derive an unfair advantage. Therefore, petitioner is not judicially estopped from maintaining that the child's habitual residence is Germany.

Accepting the factual allegations in the Petition as true, and making all reasonable inferences in favor of petitioner, the Court

concludes that petitioner has set forth a plausible claim for relief under the Hague Convention. Dismissal is not warranted at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

1. Respondent's Motion to Dismiss Petitioner's Verified Petition for Return of Child to Petitioner (Doc. #17) is **DENIED**.

2. Respondent shall file an answer to Petitioner's Verified Petition for Return of Child to Petitioner (Doc. #1) within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of April, 2012.

                                                                                    _____
                                                                                    JOHN E. STEELE
                                                                                    United States District Judge

Copies: Counsel of record