```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARIAN HAMPRECHT,

                      Plaintiff,

vs.                                Case No. 2:12-cv-125-FtM-29DNF

STEPHANIE HAMPRECHT,

                      Defendant.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Marian Hamprecht's Motion for Leave to Testify by Contemporaneous Transmission Pursuant to Federal Rule of Civil Procedure 43 (Doc. #12) filed on March 16, 2012. In response, respondent filed her Memorandum in Opposition to Petitioner's Motion for Leave to Testify by Contemporaneous Transmission Pursuant to Federal Rule of Civil Procedure 43 (Doc. #21) on April 2, 2012. On April 9, 2012, Petitioner filed his Reply Brief in Support of His Motion to Testify by Contemporaneous Transmission Pursuant to Federal Rule of Civil Procedure 43 (Doc. #27). For the reasons set forth below, petitioner's motion is denied.

**I.**

This case arises from a Petition (Doc. #1) filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670 1343 U.N.T.S. 97, reprinted in 51 Fed. Reg. 10,493 (Mar. 26,

1986) and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-10 (2000).  In the Petition, Marian Hamprecht alleges that his minor child is being unlawfully retained in the Middle District of Florida by his wife and the child's mother, Stephanie Hamprecht, who has restricted their son's ability to return to his habitual residence of Germany.

Petitioner now moves under Fed. R. Civ. P. 43(a) to be permitted to testify via video conference from Germany for the May 4th hearing.  According to the petitioner's declaration attached as Exhibit 1 to petitioner's motion, petitioner is in fear of returning to the United States because his life was threatened by an individual claiming that "his group" was hired to kill him. (Doc. #12-1, ¶¶ 4-8, 13.)  Petitioner claims that he alerted the police, fled his home in Florida, hid out of sight, and returned to Germany with his two oldest children four days later. (Id., ¶¶ 9, 11.)  Petitioner also claims that the additional expense of international travel to attend the hearing is unnecessary and would require petitioner to leave his two oldest children in Germany. (Doc. #12, p. 5 n. 1.)  Petitioner asserts that his request would not prejudice respondent, and proposes that if respondent's counsel wishes to show petitioner a document during cross examination, counsel may provide that document to the witness prior to his testimony. (Id., p. 6.)  Petitioner also proposes that he will be represented by U.S. counsel at the hearing and by German counsel in

Germany, ensuring that proceedings will run smoothly and that the Court's orders are adhered to. (Id.)

Respondent, on the other hand, characterizes petitioner's motion as nothing more than an improper attempt to avoid subjecting himself to a proper in-person cross examination by respondent's counsel and a proper credibility evaluation by the Court, and calls petitioner's fear baseless. (Doc. #21, p. 1-2.) Respondent supports her opposition by attaching the "full" police report which includes the following relevant facts: (1) the alleged incident occurred at approximately 8:30AM but the petitioner did not call the police until 6:48PM (Doc. #21-1, p. 4); (2) petitioner was unable to describe the subject, his vehicle, or provide any information to assist in identifying him (id.); and (3) petitioner failed to follow up with the police and the case was closed as "Victim Unwilling to Proceed" (id.). Respondent asserts, and petitioner admits, that on the day following the incident petitioner went golfing at Golf Harbour Country Club. (Doc. #21, p. 8; Doc. #27, p. 2.)[1] Respondent also claims that petitioner cannot show any hardship from the expense of travel because of his salary and asks this Court to judicially notice that Germany, as a member of the European Union, is part of the U.S. Visa Waiver

---

[1]The Court disregards the e-mails attached as Exhibit D to respondent's opposition because the translations are not certified as true and accurate and the translator's qualifications are not established. Fed. R. Evid. 604.

Program, which allows citizens of certain countries to enter the United States for ninety days without the need for any prior visa to be arranged. (Doc. #21, pp. 3-5.)

Petitioner's reply focuses on the "full" police report and in support attaches Exhibit 1, a declaration from his attorney Mark Scott. (Doc. #27.) In the declaration, Mr. Scott asserts that the report does not accurately reflect the communications he had with Detective Nolen and states in relevant part: (1) he spoke only once with Detective Nolen on January 13, 2012 and during that conversation Detective Nolen informed him that the police were seriously investigating petitioner's claim and the police were aware of and investigating a group of people who had been making similar threats (Doc. #27-1, ¶¶ 4-5); (2) at the conclusion of the call they made tentative plans to discuss the matter again in two weeks but Detective Nolen did not call him back or take him up on his offer to communicate with petitioner (id., ¶ 8); (3) during the call, Detective Nolen did not state that the investigation would be closed if they did not talk again within two weeks ; (4) until receiving respondent's opposition he had not seen a "full" police report and as of that date believed that the police investigation remained open (id., ¶ 10); and (5) the ten day letter sent by Detective Nolen was sent to petitioner's German counsel and not to Mr. Scott (id., ¶ 3).

**II.**

Rule 43(a) permits "for good cause shown in compelling circumstances and upon appropriate safeguards" the "contemporaneous transmission" of testimony to a hearing from a "different location." The Advisory Committee Notes to the 1996 Amendment (the "Notes") make clear that there is a decided preference for live testimony in open court:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

As an example of "compelling circumstances," the Notes offer "unexpected reasons, such as accident or illness" but, even these, according to the Notes, should be balanced against the advantages and disadvantages of rescheduling the trial. The Notes add that "[o]ther possible justifications for remote transmission must be approached cautiously." Id. The Court is not convinced that petitioner has established good cause or compelling circumstances.

Accordingly, it is now

**ORDERED:**

Petitioner Marian Hamprecht's Motion for Leave to Testify by Contemporaneous Transmission Pursuant to Federal Rule of Civil

Procedure 43 (Doc. #12) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of April, 2012.

                                              JOHN E. STEELE
                                              United States District Judge

Copies: Counsel of record