```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARIAN HAMPRECHT,

                Plaintiff,

vs.     Case No. 2:12-cv-125-FtM-29DNF

STEPHANIE HAMPRECHT,

                Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on respondent's Emergency Motion to Stay District Court's Opinion and Order Entered on May 24, 2012 and for Waiver of Bond (Doc. #62) filed on May 24, 2012. Petitioner filed a Response in Opposition (Doc. #63) on May 25, 2012.

**I.**

The Court entered an Opinion and Order (Doc. #57) on May 24, 2012, requiring respondent Stephanie Hamprecht to surrender custody of the minor child, F.H., to petitioner's father, Peter Hamprecht on or before May 29, 2012. On the same day, respondent filed a notice of appeal. (Doc. #61.)

In her motion, respondent requests that the Court "[stay] its Opinion and Order requiring the return of the child to Germany pending final resolution of the Respondent's appeal to the Court of Appeals for Eleventh Circuit." (Doc. #62, p. 12.) In the alternative, respondent requests "that this Court [temporarily

stay] its Opinion and Order until the Court of Appeals for Eleventh Circuit rules on the Motion to Stay." (Id.)  Finally, respondent requests that the Court waive the requirement for the posting of a bond.  (Id.)  Upon review, the Court finds that respondent's motion will be granted in part in a limited manner, as specified below.

**II.**

**A. Respondent's Request for a Stay Pending Appeal**

Respondent requests that the Court stay the Opinion and Order until final resolution of respondent's appeal.  (Doc. #62, p. 12.) The grant of an expedited or emergency motion to stay is an "exceptional remedy," which is granted only upon the moving party's showing that: (1) "the movant is likely to prevail on the merits on appeal"; (2) "absent a stay, the movant will suffer irreparable damage"; (3) "the non-movant will suffer no substantial harm from the issuance of the stay"; and (4) "the public interest will be served by issuing the stay."[1]  Robles Antonio v. Barrios Bello, No. 04-12794-GG, 2004 WL 1895123, at *1 (11th Cir. June 10, 2004) (citing Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986)).

In support, respondent argues that this Court "failed to conduct the required analysis of the child's habitual residence required by the Ruiz and Mozes cases" and "incorrectly determined

---

[1] "Ordinarily, the first factor is the most important . . . Absent being able to establish the first factor, a movant for emergency stay relief must establish that the three remaining factors for stay relief, the 'equities,' tend strongly in [her] favor." Id.

that a 'retention date' existed in this case when it clearly cannot." (Doc. #62, p. 3.) Upon review of the motion, the Court finds that respondent has not satisfied at least the first,[2] third and fourth requirements. Therefore, respondent has not established her burden to obtain a stay.

Respondent also asserts, in support of the second requirement, that she will suffer irreparable harm if the motion for a stay is not granted because "if a stay is not entered and the child is required to return to Germany . . . her appeal would be rendered moot and her appeal would be dismissed, thereby rendering her appellate rights completely meaningless." (Doc. #62, p. 9.) Respondent's argument finds support in Bekier v. Bekier, 248 F.3d 1051 (11th Cir. 2001); however, this is insufficient in the current case, where respondent has failed to establish the other three requirements for a stay.

Upon considering the arguments presented and the objectives of the Hague Convention,[3] the Court does not find that a stay is appropriate. The Court will, however, grant the alternative relief requested, a limited stay of its Opinion and Order requiring

---

[2] The Court recognized and applied the standard set forth in Ruiz v. Tenorio, 392 F.3d 1247 (11th Cir. 2004). (Doc. #57, pp. 18-22.)

[3] One of the primary stated objectives of the Hague Convention is to "secure the prompt return of children wrongfully removed to or retained in any Contracting State. . . ." E.g., Lops v. Lops, 140 F.3d 927, 935 (11th Cir. 1998)(quoting Hague Convention art. 1); Pielage v. McConnell, 516 F.3d 1282, 1286 (11th Cir. 2008).

respondent Stephanie Hamprecht to surrender custody of the minor child, F.H., to petitioner's father, Peter Hamprecht, for a period of one week until Tuesday, June 5, 2012, in order to give respondent the opportunity to obtain a stay from the appropriate appellate court.

**B. Respondent's Request for Bond to be Waived**

The Court finds that good cause exists to grant respondent's request for the Court to waive the posting of a bond at this time.

Accordingly, it is now

**ORDERED**:

Respondent's Emergency Motion to Stay District Court's Opinion and Order Entered on May 24, 2012 and for Waiver of Bond (Doc. #62) is **GRANTED in part** to the extent that the Court will grant a temporary stay and postpone the Court's Opinion and Order (Doc. #57) from taking effect until **Tuesday, June 5, 2012,** to give respondent an opportunity to obtain a stay from the appropriate appellate court, should she choose to do so. Respondent will not be required to post a bond at this time. Respondent's motion is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this  25th  day of May, 2012.

/s/ John E. Steele

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
USCA