UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN HAMPRECHT,

                    Petitioner,

vs.                                    Case No.  2:12-cv-125-FtM-29DNF

STEPHANIE HAMPRECHT,

                    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Bill of Costs (Doc. #67) and Motion for Attorney's Fees and Costs (Doc. #68) filed on June 14, 2012. Respondent filed an Opposition (Doc. #74) to both and a Deposition excerpt (Doc. #75). Petitioner was granted leave to file a reply, and a Reply Memorandum (Doc. #79) was filed on August 3, 2012. Also before the Court on remand is the issue of appellate attorney's fees and costs. (Docs. ## 84, 85.) Petitioner filed a Memorandum of Law in Support of His Request for Appellate Attorney's Fees and Costs (Doc. #86), and respondent filed an Opposition (Doc. #87).

**I.**

On March 5, 2012, petitioner filed a Verified Petition for Return of Child (Doc. #1) pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the Hague Convention) and International Child Abduction Remedies Act (ICARA). The case was expedited and a bench trial conducted. (Docs. ## 44,

46, 51, 55.)   On May 24, 2012, the Court issued an Opinion and Order (Doc. #57) making certain findings of fact, granting the Verified Petition, and ordering respondent to surrender custody of the minor child to petitioner's father for return to Germany. Judgment (Doc. #58) was issued in petitioner's favor on May 24, 2012. and respondent filed a Notice of Appeal (Doc. #61) on the same day.   Respondent sought a stay pending appeal in conjunction with her Notice of Appeal, see Doc. #62, and on May 25, 2012, the Court issued an Opinion and Order (Doc. #64) granting a temporary stay to allow respondent to seek a stay from the Eleventh Circuit Court of Appeals.   On June 19, 2012, the Eleventh Circuit Court of Appeals dismissed the appeal based on petitioner's unopposed motion to dismiss the appeal as moot.   (Docs. ## 70, 84.)

Petitioner now seeks recovery of attorney fees and costs from respondent pursuant to the ICARA.   More specifically, petitioner seeks attorney's fees in the amount of $497,612.50, taxable costs in the amount of $23,950.96, and non-taxable expenses in the amount of $55,450.46.   Under Title 42, United States Code, Section 11607(b)(3),

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3).  Under this section, the Court has "broad discretion" in determining the fees, expenses, and costs, unless respondent satisfies the burden to establish that an award would be "clearly inappropriate." Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004).  The purpose of the award is to restore petitioner to the financial position that he would have been in prior to removal of the child and to deter the unlawful removal.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Hensley, 461 U.S. at 433.

## II.

Respondent argues that the trial level fees and expenses should be denied in their entirety as inappropriate because they were not actually incurred by respondent, but rather were paid by his company.  In the alternative, respondent seeks to eliminate the request for attorneys Mark S. Scott and Jeffrey D. Pollack as they were not counsel of record and did not participate in trial, and to

otherwise reduce the fees as excessive and therefore inappropriate. Respondent presents the same arguments as to the appellate fees.

## A.  Party Responsible For Fees and Costs

Petitioner's fee arrangement in this case is governed by a retainer agreement.  In December 2011, petitioner signed a retainer agreement for Duane Morris, LLP to represent him in connection with his dissolution of marriage.  (Doc. #68-1, Exh. A.)  The Affidavit of Mark S. Scott (Doc. #68-5, Exh. C) provides that petitioner has paid or is obligated to pay the fees and costs incurred in this matter, and no other agreement modifies the rates or entitled Duane Morris to any other compensation.  The Affidavit further provides that the fees sought are only those that were "reasonable and directly related and necessary to Petitioner's prosecution of this case at the trial court level since February 15, 2012."  (Id., ¶ 7.)

Respondent cites to petitioner's April 19, 2012 "Discovery" Deposition (Doc. #75) wherein petitioner stated that the American TTS was fronting the legal bills for Duane Morris and that he individually had not paid anything to Duane Morris.  (Doc. #75, pp. 68-69.)  In reply, petitioner cites to a cross-noticed "direct examination" for trial Deposition (Pet'r's Trial Exh. 1, pp. 11-19) conducted immediately after the first deposition, on the same day. Petitioner testified that his employer advanced the money for Duane Morris because respondent took the money from their personal

-4-

accounts and transferred the funds to her own accounts so he had no access to cash. (<u>Id.</u>, pp. 149-150.) Petitioner still owes on the loans to the company. (<u>Id.</u>, p. 150.) During the Final Hearing before the Court, Raik Gleitsmann, Chairman of the Board of Tube Technology Systems AG, testified that petitioner worked as a Managing Director and requested a loan to pay court costs for his divorce. (Doc. #46, pp. 41, 42, 50.) The request was approved by the Board of Directors because all loans to managers must be approved by the Board of Directors. (<u>Id.</u>, p. 50.)

Although no loan documents have been provided and the terms of the loan have not been disclosed, petitioner stated at his deposition that he is obligated to pay the loan. Therefore, the Court finds that respondent has not met her burden to demonstrate that an award would be inappropriate on this basis.

**B. Reasonable Trial Attorney Fees**

**(i) Hourly Rate:**

The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. <u>Blum v. Stenson</u>, 465 U.S. 886, 896 n.11 (1984). Petitioner seeks $590.00 an hour for Mark S. Scott, $505.00 an hour for Jeffrey D. Pollack, $450.00 an hour for both Michelle M. Gervais and Warren D. Zaffuto, and $255.00 an hour for the paralegal. (Doc. #68-6, Exh. 3.) Counsel argue that "[g]iven the specialized and complex nature of Hague Convention cases", the

hourly rates are reasonable in light of the range of fees previously found to be reasonable in the Middle District of Florida.  (Doc. #68, p. 17.)[1]

It is clear that the applicable prevailing market in this case is the Fort Myers area.  See Doc. #68, p. 8 (citing Olesen-Frayne v. Olesen, 2:09-cv-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009)(prevailing market is the Fort Myers Division)). Counsel do not provide an affidavit by an attorney in the Fort Myers area regarding the general reasonableness of the fee request, or an affidavit as to the proposed hourly rates.[2]  "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims."  ACLU v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999).  The Court finds that petitioner has not met the burden of demonstrating that the proposed hourly rates are reasonable, or that the Miami rate should be applied, or that no local counsel were available to handle the case.  Therefore, the Court will determine the appropriate hourly rate.  See, e.g., Neves v. Neves, 637 F. Supp. 2d 322, 342-43 (W.D.N.C. 2009)(finding the evidence

---

[1]The Court notes that the cases cited by counsel all awarded lower hourly rates than the rates sought by petitioner in this case.

[2]Counsel argue that the rates are comparable to the rate of respondent's counsel, who charged up to $500.00 an hour.  (Doc. #68, p. 17.)

supplied by petitioner was inadequate regarding the prevailing market rate so the Court established the applicable rate).

The Court finds no inherent reason to penalize petitioner for utilizing more than one attorney, much as respondent elected to do in this case. See Johnson v. University College of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983)("An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."). Mr. Scott is a "Billing Partner" who is a native speaker of German, and was admitted to the Florida Bar in 1998. (Doc. #68-5, Exh. 1; Doc. #68-6, p. 4.) Mr. Pollack is an Associate at the Philadelphia Office of Duane Morris who assisted with legal research, pleadings, discovery, and motions, and was admitted to the Pennsylvania Bar in 2003, but did not appear in this case. (Doc. #68, pp. 4, 17 n.5; Doc. #68-5, Exh. 1; Doc. #68-6, p. 6.) Ms. Gervais is a Partner at Duane Morris, was lead trial counsel in this case, and was admitted to the Florida Bar in 1999. (Doc. #68-5, Exhs. 1, 2.) Mr. Zaffuto is an Associate at Duane Morris, was trial counsel in this case, and was admitted to the Florida Bar in 2004. (Doc. #68-5, Exh. 1; Doc. #68-6, p. 1.) Xiomara E. Quinones is a registered paralegal with 17 years of experience in state and federal courts. (Doc. #68, p. 17.)

The Court finds that Mr. Scott's language skills warrant the slightly higher than normal rate, however, the Court finds that Mr. Pollack's rate should be considerably lower as he is an associate who is not admitted to practice in Florida and has less relevant experience than lead trial counsel, who is a partner.  Upon review of counsel's respective experience and with due consideration to local prevailing rates, the Court will allow the following hourly rates:

| Counsel | Requested Rate: | Reduced Rate: |
|---|---|---|
| Mark S. Scott | $590.00 | $400.00 |
| Jeffrey D. Pollack | $505.00 | $250.00 |
| Michelle M. Gervais | $450.00 | $300.00 |
| Warren D. Zaffuto | $450.00 | $225.00 |
| Xiomara    E.    Quinones (paralegal) | $255.00 | $125.00 |

**(ii)  Hours Expended:**

In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, Norman, 836 F.2d at 1301-02. "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." Norman, at 1301 (citing Hensley, 461 U.S. at 434 (1983)).  When multiple attorneys are involved, the

Court must consider whether they are being compensated for their distinct contributions or whether there is duplication. Johnson v. University College of Univ. of Ala., 706 F.2d at 1208. In this case, counsel have not sufficiently demonstrated that they used "billing judgment", and therefore the Court is unable to determine whether the hours were reasonable. See ACLU v. Barnes, 168 F.3d at 428.

Petitioner states that the amounts request are "in connection with the Hague Convention case from February 15, 2012 through the Final Hearing" and have been adjusted to exclude approximately $26,000.00 of time for "certain legal professionals at Duane Morris", along with other unrelated time billed. (Doc. #68, p. 5 n.3.) The redacted[3] billing records, however, include entries for dates prior to the Hague petition filing and clearly related to the divorce proceedings in state court; double entries for counsel to "strategize" with each other at their respective hourly rates; and entries for attorneys or staff not identified by curriculum vitae or otherwise[4]. Upon review and to the extent discernable, the Court will conduct an hour-by-hour analysis and reduce or eliminate individual entries. The Court is inclined to deny the motion in

---

[3]Counsel has not provided an unredacted version of the billing records and did not otherwise move to submit an unredacted version *in camera* for consideration by the Court.

[4]Some counsel are later identified in conjunction with the request for appellate fees.

its entirety for the lack of billing judgment exercised and the flood of unsupported documentation, but will consider the billing records attached as Exhibit B and filed in three parts to reduce the request.

The first of three parts (37 pages) is for professional services through 02/29/2012 for $72,390.00, and professional services through 03/31/2012 for $79.039.50. (Doc. #68-2, Exh. B (1 of 3).)  Many of the entries in the first part are clearly associated with the state court dissolution of marriage only and therefore will be eliminated or reduced to reflect only those hours associated with the Hague petition proceedings.  Some of the entries are superfluously redacted and therefore will be denied for the reason that their reasonableness or relation to the Hague petition proceedings cannot be determined.  Mr. Zaffuto did not have any hours during these time periods.  All entries for TK Khorasantchi, FK Schonfeld, C Johns, and R Peccola will be eliminated.  Therefore, the following entries will be permitted:

| DATE (through 02/29/2012) | HOURS | RATE | AMOUNT |
|---|---|---|---|
| 2/29/2012 (MS Scott) | 2.0 | $400.00 | $ 800.00 |
| 2/29/2012 (XE Quinones) | 1.10 | $125.00 | $ 137.50 |

| DATE (through 03/31/2012) | HOURS | RATE | AMOUNT |
|---|---|---|---|
| 3/1/2012 (M Gervais) | 0.3 | $300.00 | $ 90.00 |
| 3/2/2012 (M Gervais) | 0.4 | $300.00 | $ 120.00 |
| 3/5/2012 (M Gervais) | 0.8 | $300.00 | $ 240.00 |

| | | | |
|---|---|---|---|
| 3/6/2012 (M Gervais) | 3.4 | $300.00 | $1,020.00 |
| 3/7/2012 (M Gervais) | 0.6 | $300.00 | $ 180.00 |
| 3/9/2012 (M Gervais) | 1.2 | $300.00 | $ 360.00 |
| 3/11/2012 (M Gervais) | 0.5 | $300.00 | $ 150.00 |
| 3/12/2012 (M Gervais) | 1.0 | $300.00 | $ 300.00 |
| 3/13/2012 (M Gervais) | 3.3 | $300.00 | $ 990.00 |
| 3/14/2012 (M Gervais) | 3.5 | $300.00 | $1,050.00 |
| 3/15/2012 (M Gervais) | 3.0 | $300.00 | $ 900.00 |
| 3/16/2012 (M Gervais) | 2.7 | $300.00 | $ 810.00 |
| 3/19/2012 (M Gervais) | 1.5 | $300.00 | $ 450.00 |
| 3/20/2012 (M Gervais) | 6.10 | $300.00 | $1,830.00 |
| 3/21/2012 (M Gervais) | 5.0 | $300.00 | $1,500.00 |
| 3/25/2012 (M Gervais) | 1.0 | $300.00 | $ 300.00 |
| 3/26/2012 (M Gervais) | 6.8 | $300.00 | $2,040.00 |
| 3/27/2012 (M Gervais) | 5.0 | $300.00 | $1,500.00 |
| 3/28/2012 (M Gervais) | 1.5 | $300.00 | $ 450.00 |
| 3/29/2012 (M Gervais) | 0.8 | $300.00 | $ 240.00 |
| 3/30/2012 (M Gervais) | 0.7 | $300.00 | $ 210.00 |
| 3/5/2012 (MS Scott) | 3.8 | $400.00 | $1,520.00 |
| 3/8/2012 (MS Scott) | 3.1 | $400.00 | $1,240.00 |
| 3/14/2012 (MS Scott) | 1.0 | $400.00 | $ 400.00 |
| 3/5/2012 (JS Pollack) | 2.9 | $250.00 | $ 725.00 |
| 3/13/2012 (JS Pollack) | 0.7 | $250.00 | $ 175.00 |
| 3/15/2012 (JS Pollack) | 4.30 | $250.00 | $1,075.00 |
| 3/26/2012 (JS Pollack) | 2.1 | $250.00 | $ 525.00 |
| 3/27/2012 (JS Pollack) | 2.2 | $250.00 | $ 550.00 |
| 3/28/2012 (JS Pollack) | 3.9 | $250.00 | $ 975.00 |
| 3/30/2012 (JS Pollack) | 1.5 | $250.00 | $ 375.00 |

| 3/1/2012 (XE Quinones) | 1.1 | $125.00 | $ 137.50 |
| 3/9/2012 (XE Quinones) | 2.1 | $125.00 | $ 262.50 |
| 3/21/2012 (XE Quinones) | 3.6 | $125.00 | $ 450.00 |
| 3/27/2012 (XE Quinones) | 1.4 | $125.00 | $ 175.00 |
| 3/28/2012 (XE Quinones) | 3.9 | $125.00 | $ 487.50 |
| 3/29/2012 (XE Quinones) | 1.2 | $125.00 | $ 150.00 |
| 3/30/2012 (XE Quinones) | 1.0 | $125.00 | $ 125.00 |

The second of three parts (24 pages) is for professional services through 04/30/2012 for $261,342.50. (Doc. #68-3, Exh. B (2 of 3).)  The Court is not inclined to apply Miami counsel's hourly rate for travel to Fort Myers from Miami without any affidavit attesting that no Fort Myers local counsel was available or capable of representing petitioner in this matter.  The Court is also not inclined to include the hours for travel overseas without argument or an affidavit that the travel time was spent working on the Hague petition proceedings.  Therefore, entries will be reduced to remove travel time.  The Court will also eliminate the entries for depositions not presented in this case or related to individuals who did not appear at the final hearing.  All entries for VA Brown, TK Khorasantchi, TM Maestrelli, DA Kahn, PN Mendoza, AG Aponte, EB Buziak, and AP Rope will be eliminated as they are unidentified individuals in this case.  Most of the entries for Mr. Scott are vague and state that he provided "attention to various" issues or matters, and appear to be a review of other counsel's work.  Mr. Pollack billed for conference calls to co-counsel in the

Miami office.  The Court will reduce the hours as respondent should
not have to bear the cost of petitioner using counsel from another
office who is not admitted to the Florida Bar.  Mr. Zaffuto has
several entries for which the redactions make it impossible to
determine the purpose of the entries, entries for calls to Chambers
and the Clerk, and entries for strategy conferences with co-counsel
that are duplicative.  The hours will be reduced for these reasons.
The hours for the paralegal do not appear to require a reduction
although the reduced hourly rate will apply.  Therefore, the
following entries will be reduced, eliminated, or permitted:

| DATE (M Gervais) | REDUCTION | RATE |
|---|---|---|
| 4/3/2012 | -2.0 | $300.00 |
| 4/5/2012 | -4.0 | $300.00 |
| 4/11/2012 | -2.0[5] | $300.00 |
| 4/14/2012 | -8.0 | $300.00 |
| 4/20/2012 | -8.0 | $300.00 |
| TOTAL (165.20) | -24.0 | $42,360.00 |

| DATE (MS Scott) | HOURS PERMITTED | RATE | TOTAL |
|---|---|---|---|
| 3/27/2012 | 1.0 | $400.00 | $ 400.00 |
| 3/29/2012 | 1.2 | $400.00 | $ 480.00 |

---

[5]The hours are being reduced because the entry includes
secretarial or non-legal tasks to "finalize set up for translator,
stenographer and videographer in London".  (Doc. #68-3, p. 5.)

| 4/4/2012 | 6.0 | $400.00 | $2,400.00 |
| 4/6/2012 | 2.2 | $400.00 | $ 880.00 |
| 4/9/2012 | 6.2 | $400.00 | $2,480.00 |
| 4/11/2012 | 3.2 | $400.00 | $1,280.00 |
| 4/12/2012 | 1.0 | $400.00 | $ 400.00 |
| 4/13/2012 | 1.0 | $400.00 | $ 400.00 |
| 4/16/2012 | 8.0 | $400.00 | $3,200.00 |
| 4/17/2012 | 9.0 | $400.00 | $3,600.00 |
| 4/18/2012 | 4.0 | $400.00 | $1,600.00 |
| 4/19/2012 | 9.0 | $400.00 | $3,600.00 |
| 4/24/2012 | 0.3 | $400.00 | $ 120.00 |
| 4/25/2012 | 3.5 | $400.00 | $1,400.00 |
| 4/26/2012 | 4.8 | $400.00 | $1,920.00 |
| 4/27/2012 | 4.0 | $400.00 | $1,600.00 |
| 4/30/2012 | 4.6 | $400.00 | $1,840.00 |
| **TOTAL** | | | **$27,600.00** |

| DATE (JS Pollack) | REDUCTION | RATE |
|---|---|---|
| 4/3/2012 | -0.5 | $250.00 |
| 4/4/2012 | -0.8 | $250.00 |
| 4/5/2012 | -0.8 | $250.00 |
| 4/6/2012 | -0.5 | $250.00 |
| 4/9/2012 | -0.3 | $250.00 |
| 4/23/2012 | -0.3 | $250.00 |
| 4/27/2012 | -0.8 | $250.00 |
| **TOTAL (42.10)** | -4.0 | **$9,525.00** |

| DATE (WD Zaffuto) | REDUCTION | RATE |
|---|---|---|
| 4/2/2012 | -0.3 | $225.00 |
| 4/3/2012 | -0.4 | $225.00 |
| 4/4/2012 | -2.0 | $225.00 |
| 4/6/2012 | -0.9 | $225.00 |
| 4/9/2012 | -0.2 | $225.00 |
| 4/10/2012 | -1.7 | $225.00 |
| 4/19/2012 | -0.5 | $225.00 |
| 4/25/2012 | -1.0 | $225.00 |
| 4/26/2012 | -2.0 | $225.00 |
| 4/28/2012 | -1.0 | $225.00 |
| 4/30/2012 | -1.0 | $225.00 |
| **TOTAL (94.70)** | -11.00 | **$18,832.50** |

The third of three parts (24 pages of 43 pages) is for professional services through 06/11/2012 for $331,575.00, and clearly includes the separately sought appellate fees. (Doc. #68-4, Exh. B (3 of 3).)  The Court will consider and allow the fees for some counsel through 05/25/2012 but will not consider the entries after this date that are clearly associated with the appellate proceedings.  The Court will also eliminate travel time to Fort Myers and "daily rates" for simply being present in Fort Myers awaiting a decision by the Court.  The Court will not award fees to petitioner for Mr. Scott's attendance at the final hearing, or his duplicative review of co-counsel's work, or for the vague and redacted entries.  Mr. Pollack's hours through 5/25/2012 will

be permitted without reduction.   Mr. Zaffuto's hours will be
reduced to eliminate contact with the Court, heavily redacted
entries, an entry for preparing demonstratives which is clerical in
nature, and appellate related activities.   The hours for the
paralegal will be eliminated almost entirely, even though the first
three days alone total 46 hours out of a possible 72 hours working
on this case.   The Court is not inclined to permit hours for the
attendance of the paralegal at trial when co-counsel was present to
assist lead counsel for a two day hearing that did not take place
two days in a row and also billed for that time.   The hours also
include the paralegal's travel time, coordinating exhibits with the
courtroom deputy, and a great deal of secretarial tasks including
the compilation of exhibits and folders for counsel.   The Court
finds the hours are excessive for a case that concluded in less
than 3 months.

| DATE (M Gervais) | REDUCTION | RATE |
|---|---|---|
| 5/4/2012 | -3.0 | $300.00 |
| 5/5/2012 | -3.5[6] | $300.00 |
| 5/15/2012 | -3.0 | $300.00 |
| 5/18/2012 | -3.0 | $300.00 |
| 5/22/2012 | -3.0 | $300.00 |
| 5/23/2012 | -8.0 | $300.00 |

---

[6]The Court is not inclined to grant the additional 0.5 hours
for counsel to "pack boxes".   (Doc. #68-4, p. 4.)

| 5/24/2012 | -3.0 | $300.00 |
| 5/25/2012 | -6.0 | $300.00 |
| **TOTAL** | **111.4**[7] | **$33,420.00** |

| DATE (MS Scott) | HOURS PERMITTED | RATE | TOTAL |
|---|---|---|---|
| 5/3/2012 | 8.0 | $400.00 | $3,200.00 |
| 5/11/2012 | 1.0 | $400.00 | $ 400.00 |
| **TOTAL** | | | **$3,600.00** |

| HOURS (JS Pollack) | RATE | TOTAL |
|---|---|---|
| 32 hours | $250.00 | **$8,000.00** |

| DATE (WD Zaffuto) | REDUCTION | RATE |
|---|---|---|
| 5/2/2012 | -3.0 | $225.00 |
| 5/5/2012 | -3.0 | $225.00 |
| 5/8/2012 | -2.0 | $225.00 |
| 5/9/2012 | -0.5 | $225.00 |
| 5/10/2012 | -0.5 | $225.00 |
| 5/11/2012 | -3.0 | $225.00 |
| 5/12/2012 | -1.5 | $225.00 |
| 5/13/2012 | -1.0 | $225.00 |
| 5/15/2012 | -1.0 | $225.00 |
| 5/17/2012 | -2.0 | $225.00 |
| 5/21/2012 | -0.6 | $225.00 |

---

[7]The total hours for each counsel represents the total number of hours permitted from 5/1/2012 through 5/25/2012.  (Doc. #68-4, pp. 3-9.)

| 5/23/2012 | -1.2 | $225.00 |
| 5/25/2012 | -4.5 | $225.00 |
| **TOTAL** | **59.2[8]** | **$13,320.00** |

| HOURS (XE Quinones) | RATE | TOTAL |
|---|---|---|
| 19 hours | $125.00 | **$2,375.00** |

After all reductions, the Court will award petitioner a total of $184,047.00 in attorneys' fees at the District Court level as follows:

|  | TOTAL FEES: |
|---|---|
| Mark S. Scott | $35,160.00 |
| Jeffrey D. Pollack | $21,925.00 |
| Michelle M. Gervais | $90,510.00 |
| Warren D. Zaffuto | $32,152.50 |
| Xiomara E. Quinones (paralegal) | $ 4,299.50 |
| **TOTAL:** | **$184,047.00** |

## C.  Non-taxable Expenses

Petitioner seeks an excessive $55,450.46 in non-taxable expenses for travel expenses, legal research, postage and overnight mail, messenger services, and translation services. (Doc. #68, p. 22.) Petitioner states that it made reductions for the airfare of counsel. (Id., n.7.) Exhibit E was filed in two parts, one reflecting travel expenses and the other reflecting the remaining

---

[8]See n.6. (Doc. #68-4, pp. 17-20.)

expenses.  A summary of all expenses is also provided.  (Doc. #68-9, Exh. E, p. 2.)  Although the expenses were incurred "on behalf of the petitioner", they were not all necessary, and counsel's travel expenses have no relationship to the "transportation costs related to the return of the child" by either party.  42 U.S.C. § 11607(b)(3).  The expenses of counsel will be denied in their entirety as clearly inappropriate, especially since petitioner opted not to appear in Florida for the final hearing or to himself accompany the minor back to Germany.  See, e.g., Antunez-Fernandes v. Connors-Fernandes, 259 F. Supp. 2d 800, 816-17 (N.D. Iowa 2003)(allowing petitioner's travel expenses); Aldinger v. Segler, 338 F. Supp. 2d 296, 298-99 (D.P.R. 2004)(allowing expenses incurred by petitioner only and only for the hearing); Lebiedzinski v. Crane, No. A03-0248CV (JKS), 2005 WL 906368, *4 (D. Ak. Apr. 13, 2005)(allowing expenses for child's return); Wasniewski v. Grzelak-Johannsen, 549 F. Supp. 2d 965, 980 (N.D. Ohio 2008)(allowing petitioner's supported travel expenses as necessary); Neves, 637 F. Supp. 2d at 344 & n.9 (allowing petitioner's expenses for travel).

**D.  Taxable Costs**

Petitioner seeks $23,950.96 for taxable costs and filed a separate proposed Bill of Costs (Doc. #67) in support.  Under Fed. R. Civ. P. 54(d), costs "should be allowed to the prevailing party" unless the court provides otherwise.  Fed. R. Civ. P. 54(d)(1).  Deposition costs "merely incurred for convenience, to aid in

thorough preparation, or for purposes of investigation only," are not recoverable.  EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)(citations omitted).  Likewise, costs for charts and exhibits are not taxable, and copying costs are otherwise evaluated based on their necessity, including for discovery.  Id. at 623.  The "compensation of interpreters" under Section 1920(6) is limited to the cost of oral translation and does not include document translation.  Kouichi Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997 (2012).

Upon review, the Court will tax costs against respondent for the $350.00 filing fees of the Clerk; $746.00[9] for summonses and subpoenas; $13,282.10[10] for transcripts; and $4,672.41 for printing without any specific objection to their necessary use in this case. The $988.03 for demonstrative aids will not be permitted as unsupported and unnecessary for use in this case.  The $2,385.50 for interpreter services will be reduced to reflect only the oral interpretation costs for English to German in the amount of

---

[9]The Court will not award the cost of service on Holly Smith, the records custodian for Suitor & Associates, Inc., or Cora Cisneros Malloy without an indication of how they pertain to the Hague petition proceedings and not the dissolution of marriage case.  Although all documents produced by the Records Custodian were deemed admitted without objection at the final hearing as Exhibit 76, it was not referenced or used during the hearing and not provided to the Court for filing.

[10]The costs associated with the transcripts of Cindy Sprenger, Holly Smith and Cora Malloy will not be permitted absent any evidence that the transcripts were necessary for use in this case.

$1,592.75 in light of the recent Supreme Court case. Therefore, the Court will tax costs in the amount of **$20,643.26.**

### III.

A review of the docket on appeal reflects the following relevant events occurred: On May 30, 2012, counsel filed a 21-page Response with 369 pages of exhibits to respondent's emergency motion to stay the lower court proceedings; on June 4, 2012, the Eleventh Circuit denied a stay pending appeal; on June 11, 2012 and June 12, 2012, petitioner filed a motion to dismiss the appeal as moot, and an eight-page amended motion to dismiss the appeal as moot based on the child's return to Germany; and on July 2, 2012, petitioner sought attorney's fees and costs. See No. 12-12757-E. No oral arguments were scheduled. On October 5, 2012, the Eleventh Circuit Court of Appeals granted petitioner's unopposed motion to dismiss the appeal as moot and remanded the issues of (1) whether appellee was entitled to fees and costs, and (2) if so, the amounts to be awarded. (Doc. #84.)

The Petitioner seeks $63,073.50 in appellate attorneys' fees for 132.3 hours, Doc. #86-5, Exh. B-3, and an additional $2,690.72 in costs[11], Doc. #86-6, Exh. C. Respondent's response to the appellate fees specifically objects to the reasonableness of the hourly rate and the failure to exercise billing judgment with regard to the hours. (Doc. #87, pp. 3-5.)

---

[11]This total encompasses both taxable and non-taxable costs.

## A.  Reasonable Appellate Fees

Petitioner argues that the novel and complex legal issues, the expedited nature of the proceedings, and the need for experienced appellate counsel warrant the hours expended.  The Court disagrees. First, the issues on appeal did not present anything more novel or complex than what was addressed at the trial level, and the expedited time period to file was not overly burdensome in light of the limited filings made with the Eleventh Circuit before the appeal was dismissed.  Second, other than the different procedural issues on appeal, specialized appellate counsel simply required additional time to familiarize themselves with the case thereby increasing the fees unnecessarily.  Lastly, the Court finds the charged hourly rates are unreasonably higher than applicable prevailing rates and the rates found to be reasonable for trial counsel.

### (i)  Hourly Rate:

The Court will apply the same hourly rates established for trial counsel above to the appellate level hours.  As to the additional attorneys on appeal, Mr. Beyer and Ms. Tedjeske[12], the Court will also reduce their rates finding a lack of supporting evidence justifying their requested hourly rates.  The Declaration of Mark S. Scott (Doc. #86-5, Exh. B) is insufficient.

---

[12]Petitioner seeks an hourly rate of $850.00 an hour for Mr. Byer and $490.00 for Ms. Tedjeske.

Robert L. Byer is a Partner and head of the appellate division of the Trial Practice Group in the Pennsylvania office of Duane Morris, and was admitted to the Pennsylvania Bar in 1977.  Julia M. Tedjeske is an Associate in the Pennsylvania office of Duane Morris and was admitted to the Pennsylvania Bar in 2000.  She is not admitted to any of the appellate courts, and neither are admitted to The Florida Bar.  (Doc. #86-5, Exh. B-2.)  Although Mr. Byer's experience is clearly more extensive than that of Mr. Scott, the Court finds that his hourly rate should not be any higher than the higher than normal rate already granted to Mr. Scott due to his German language skills.  The Court finds that Ms. Tedjeske's rate should be reduced to $275.00 an hour and Mr. Byer's rate should be reduced to $400.00 an hour.

**(ii)  Hours Expended:**

The Court will consider the hours for trial counsel from 5/26/2012 forward through the appellate process.  Upon review, the Court will deny the appellate fees in their entirety.  The Court is frustrated by the failure of counsel to properly divide and supplement the first request for fees with separate billing statements that are limited to the appeal.  Instead, counsel have re-submitted the same billing records previously submitted with no indication of how they reached a total of $63,073.50.  The Court permitted attorneys' fees at the trial level with some trepidation and after expending an excessive amount of time deciphering the

billing records.   The Court will not hazard to estimate the appellate fees based on the submissions.   The motion for appellate fees is denied.

**B.  Costs & Expenses**

Petitioner seeks $2,690.72 for printing, copying, legal research, overnight mail, and messenger services, under both 28 U.S.C. § 1920 as taxable costs and under ICARA as necessary costs associated with the return of the minor child.

**(i)  Taxable Costs:**

Petitioner seeks $398.55 for printing and duplication, which is a taxable cost.   The other amounts are not taxable costs recoverable under Section 1920.  See, e.g., Gant v. Kash N' Karry Food Stores, Inc., 8:07-cv-2086-T-33EAJ, 2010 WL 4393222, *1 (M.D. Fla. Oct. 31, 2010)(computerized research costs are not taxable costs).  Respondent does not argue that the cost was not necessary for use in the case or that this amount was specifically excessive. Therefore, this amount will be permitted.

**(ii)  Non-Taxable Expenses:**

Petitioner seeks $35.90 for messenger expenses to deliver documents to the Eleventh Circuit Court of Appeals.  The Court will permit this expense as a necessary expense related to the return of the child.   The Court will not permit the $267.14 for overnight deliveries to the Ritz-Carlton in California where apparently counsel was located while the appeal was ongoing, or to other

counsel and law firms without any indication from counsel how the expenses were necessary to the return of the child.  The $1,989.13 for legal research will be denied as clearly inappropriate and unrelated to the actual return of the child.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion for Attorney's Fees and Costs (Doc. #68), as supplemented, is **GRANTED** in part and **DENIED** in part as follows:

For proceedings in District Court, petitioner is awarded attorneys' fees in the amount of $184,047.00; and for proceedings in the Appellate Court, petitioner is awarded $35.90 in expenses only.  In addition, costs in the amount of $20,643.26 for proceedings at the trial level and costs in the amount of $398.55 for proceedings on appeal are taxed against respondent and shall be deemed part of the judgment.

2.  The Clerk shall enter judgment in favor of petitioner and against respondent as provided in the above paragraph 1.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of March, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record